IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOANN GREER-STORMENT and
PAUL M. STORMENT, JR.,
Plaintiffs,

v.

TRAVELERS INDEMNITY COMPANY,
INC.
Defendant.

Case No. 19–CV–01309–JPG

# MEMORANDUM & ORDER

## I. INTRODUCTION

This is an insurance-coverage dispute. Before the Court is Plaintiffs JoAnn Greer-Storment and Paul M. Storment, Jr.'s Motion to Remand. (ECF No. 6). Defendant Travelers Indemnity Company, Inc. responded, (ECF No. 8), and Plaintiffs replied, (ECF No. 9). Since the amount in controversy falls below the jurisdictional minimum, the Court **GRANTS** Plaintiffs' Motion and **REMANDS** this case to the Twentieth Judicial Circuit Court in St. Clair County, Illinois.

## II. PROCEDURAL & FACTUAL HISTORY

Plaintiffs insured property with Defendant. (Compl. 2, ECF No. 1–1). After fraught weather conditions damaged the property, Plaintiffs sought recovery on the insurance policy. (Id. at 2). Defendant refused to provide full coverage. (Id.).

Plaintiffs filed suit in Illinois's Twentieth Judicial Circuit Court. Count I alleges common-law breach of contract with approximately $45,000 in damages. (Id.). Count II alleges vexatious refusal to pay pursuant to § 155 of the Illinois Insurance Code. Defendant removed the case to this Court, and Plaintiffs moved to remand.

## III. LAW & ANALYSIS

Federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1) (emphasis added). When a case filed in state court could have been brought in federal court, the defendant can remove the case to the nearby federal district court. Id. § 1441. The plaintiff can then move to remand if it questions whether the case was properly removed. Id. § 1447.

Defendant removed this case based on diversity of citizenship: Defendant is a Connecticut corporation with its principal place of business in Connecticut; and Plaintiffs are Illinois citizens. (Notice of Removal 2). Defendant argues that the amount-in-controversy requirement is met because Plaintiffs seek an attorney-fees award under § 155 of the Illinois Insurance Code that will raise their damages above the jurisdictional minimum. (Id. at 2–3).

Section 155 provides a penalty against insurers whose actions or delay in settling claims are vexatious and unreasonable:

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow *as part of the taxable costs in the action* reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> (b) $60,000;
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILL. COMP. STAT. 5/155 (emphasis added).

"Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages. Things are dicier when a statute calls for an award of fees *as part of costs*, for then the rule that 'interests and costs' do not count toward the jurisdictional minimum would take over." Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998) (emphasis added); see, e.g., Atteberry v. Esurance Ins. Servs., Inc., 473 F. Supp. 2d 876, 877 (N.D. Ill. 2007) (holding that the attorney-fees award under § 155 is not considered when calculating the amount in controversy).

Although Defendant is correct that the statutory damages under § 155 count toward the amount-in-controversy requirement, the attorney-fees award does not. Section 155 states that the attorney-fees award is considered "as part of the taxable costs in the action." Therefore, since it is included in the costs rather than the judgment, it is removed from the amount-in-controversy calculation.

Plaintiffs seek recovery of $45,000 on Count I. They could also recover an additional $27,000 on Count II (60% * $45,000 = $27,000). Because the attorney-fees award is not included, the amount in controversy is $72,000 ($45,000 + $27,000 = $72,000). Accordingly, the amount in controversy falls below the jurisdictional minimum, and the Court must remand.

IV. **CONCLUSION**

The Court **GRANTS** Plaintiffs' Motion and **REMANDS** this case to the Twentieth Judicial Circuit Court in St. Clair County, Illinois.

**IT IS SO ORDERED.**

**Dated: Wednesday, March 11, 2020**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**